IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID MAHLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00934-O-BP |
| | § | |
| NICHOLAS C. INMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff David Mahler's First Motion to Dismiss Without Prejudice, filed on September 27, 2021, Second Motion to Dismiss Without Prejudice, filed on October 4, 2021, and Declaration in Support, filed on October 12, 2021. ECF Nos. 10, 12, and 13, respectively. The Motions and accompanying Declaration all seek dismissal without prejudice of Mahler's claims against Defendants Nicholas Inman, Erika Singler, and the Allman Law Firm, but do not seek dismissal of Mahler's claim against Defendant Matthew De La Mora. *Id.* On September 22, 2021, Defendants Inman, Singler, and the Allman Law Firm filed a Request for Additional Time to Respond to Court Order, a document which suggested they were awaiting a Motion to Dismiss with Prejudice from Mahler. ECF No. 8. By Order dated September 23, 2021, the Court granted the requested extension so they could await receipt of that Motion. ECF No. 9.

Thereafter, Mahler filed a motion seeking dismissal of his claims against Inman, Singler, and the Allman Law Firm without prejudice. ECF No. 10. This prompted the Court's September 29, 2021 Order, which required the parties to confer and determine if the requested dismissal as to those three defendants was intended to be with prejudice or without. ECF No. 11. On October 12,

2021, Mahler responded to that Order by filing a Declaration that reiterated his desire to dismiss this action against those defendants only without prejudice. ECF No. 13.

Pursuant to Rule 41(a)(1)(A)(i), Mahler may voluntarily dismiss his case without a court order provided that the opposing party has not served an answer or motion for summary judgment. To do so, he need only file a notice of dismissal with the Court. "That document itself closes the file [and] . . . the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). Review of the record in this case reflects that defendants Inman, Singler, and the Allman Law Firm removed the suit to this Court, but have not filed an answer or motion for summary judgment. Therefore, Mahler is entitled to voluntarily dismiss the case against them without a court order under Rule 41(a)(1)(A)(i). *See Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990) (the district court did not abuse its discretion granting Plaintiff's motion for voluntary dismissal after the Defendant removed the case to federal court).

Considering that both Motions and Mahler's October 12, 2021 Declaration request dismissal of Mahler's claims without prejudice, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action as to Defendants Nicholas Inman, Erika Singler, and the Allman Law Firm **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 13, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE