IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID MAHLER, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00934-O-BP |
| | § | |
| NICHOLAS INMAN, *et al.*, | § | |
| | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On November 29, 2021, the Court dismissed Plaintiff David Mahler's Complaint against three of this action's four defendants. ECF No. 19. Thereafter, only Defendant Matthew De La Mora remained. *Id.* Mahler perfected service upon De La Mora on December 9, 2021. *See* ECF Nos. 20, 22. Because De La Mora did not respond and Mahler took no action to prosecute the matter, the Court issued an Order on February 7, 2022, directing Mahler to move for an entry of default under Federal Rule of Civil Procedure 55. *See* ECF No. 23. The Order instructed Mahler to do so "**on or before February 21, 2022**" and warned him that noncompliance "will result in a recommendation that his case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* Mahler did not comply, so the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41 authorizes an action's dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Mahler failed to prosecute this case and did not comply with the Court's Order directing

him to do so by moving for an entry of default under Rule 55. *See* ECF No. 23. Consequently, the Court should dismiss his case.

The Fifth Circuit prefers dismissals without prejudice under Rule 41(b). *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). Dismissals with prejudice under Rule 41(b) are appropriate where there is a "clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). The record here does not reflect "delay or contumacious conduct" by Mahler, and nothing indicates dismissal without prejudice "would not serve the best interests of justice." *See id.* Thus, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 28, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE